# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0533V

| | |
|---|---|
| PATRICIA BULLUCK, | Chief Special Master Corcoran |
| Petitioner, | Filed: June 15, 2023 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Nancy Routh Meyers, Turning Point Litigation, Greensboro, NC,* for Petitioner.

*Julia Marter Collison, U.S. Department of Justice, Washington, DC,* for Respondent.

### RULING ON ENTITLEMENT[1]

On January 11, 2021, Patricia Bulluck filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a right shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, as a direct and proximate result of a tetanus vaccine she received on November 4, 2020. Petition at 1, ¶¶ 2, 6, 12. Petitioner further alleges that she received the tetanus vaccine in the United States and that neither she nor any other party has filed a civil case or received compensation for

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

her SIRVA injury. *Id.* at ¶¶ 2, 8-9. The case was assigned to the Special Processing Unit. ECF No. 16.

On March 13, 2023, Respondent filed a status report, indicating he intended to oppose compensation based upon his belief that Petitioner had failed to satisfy the Vaccine Act's six-month severity requirement. ECF No. 26; *see* Section 11(c)(1)(D)(i). Thereafter - on April 6, 2023, I issued a fact ruling, finding Petitioner had suffered the residual effects of her alleged SIRVA injury for more than six months. ECF No. 27.

On June 15, 2023, Respondent filed a Rule 4(c) Report, indicating he "will not defend this case." Rule 4(c) Report at 1, ECF No. 32. Specifically, while reserving his right to appeal my fact ruling, he "has concluded that [P]etitioner has satisfied the criteria set forth in the Vaccine Table and the Qualifications and Aids to Interpretation ("QAI") for SIRVA." *Id.* at 5. Noting that he is not waiving any defenses he may exert during the damages phase, Respondent asks that "the scope of damages to be awarded is limited to [P]etitioner's right SIRVA and its related sequelae only." *Id.*

In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.

IT IS SO ORDERED.

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master