# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 21-0533V

|  |  |
|---|---|
| PATRICIA BULLUCK, | Chief Special Master Corcoran |
| Petitioner, | Filed: July 7, 2023 |
| v. |  |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

*Nancy Routh Meyers, Turning Point Litigation, Greensboro, NC, for Petitioner.*

*Julia Marter Collison, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On January 11, 2021, Patricia Bulluck filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a right shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, as a direct and proximate result of a tetanus vaccine she received on November 4, 2020. Petition at 1, ¶¶ 2, 6, 12. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 15, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA injury. On July 7, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $60,000.00 for her pain and suffering. Proffer at 1. In the Proffer, Respondent represented that Petitioner

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $60,000.00, for her pain and suffering, in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| PATRICIA BULLUCK, | |
| Petitioner, | No. 21-533V |
| | Chief Special Master Corcoran |
| v. | SPU |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 11, 2021, Patricia Bulluck ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended.  Petitioner alleges that she suffered a right-sided Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of a tetanus vaccine she received on November 4, 2020.  On June 15, 2023, respondent filed his Vaccine Rule 4(c) report, advising that, in light of Chief Special Master Corcoran's Findings of Fact ruling that petitioner satisfied the Act's six-month severity requirement, and the medical evidence submitted in this case, respondent did not dispute that petitioner had satisfied all legal prerequisites for compensation under the Vaccine Act.  ECF No. 32.  Later that day, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.[1]  ECF No. 33.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein.  Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's June 15, 2023, entitlement decision.

**I.**     **Items of Compensation**

Respondent proffers that petitioner should be awarded $60,000.00 in pain and suffering damages.  *See* 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.**    **Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of $60,000.00, representing compensation for all elements of economic and noneconomic damages, in the form of a check payable to petitioner, Patricia Bulluck.

**III.**   **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Patricia Bulluck                           **$60,000.00**


                                Respectfully submitted,


                                BRIAN M. BOYNTON
                                Principal Deputy Assistant Attorney General

                                C. SALVATORE D'ALESSIO
                                Director
                                Torts Branch, Civil Division

                                HEATHER L. PEARLMAN
                                Deputy Director
                                Torts Branch, Civil Division

                                ALEXIS B. BABCOCK
                                Assistant Director
                                Torts Branch, Civil Division

---

[2]     Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

/s/ Julia M. Collison
JULIA M. COLLISON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, DC 20044-0146
Tel:     (202) 305-0102
Julia.collison@usdoj.gov

Dated:       July 7, 2023