# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-0533V

| | |
|---|---|
| PATRICIA BULLUCK,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: March 26, 2024 |

*Nancy Routh Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner.

*Julia Marter Collison*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On January 11, 2021, Patricia Bulluck filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a right shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, as a direct and proximate result of a tetanus vaccine she received on November 4, 2020. Petition at 1, ¶¶ 2, 6, 12. On

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

July 7, 2023, I issued a decision awarding damages to Petitioner based on Respondent's proffer. ECF No. 36.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $29,588.15 (representing $29,129.00 for fees and $459.15 for costs). Petitioner's Motion for Attorneys' Fees, filed Dec. 7, 2023, ECF No. 42. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. ECF No. 42-2.

Respondent reacted to the motion on January 3, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 43. The same day, Petitioner filed a reply, agreeing with Respondent's position. ECF No. 44.

I note this case required additional briefing regarding the Vaccine Act's severity requirement. *See* Petitioner's Brief Regarding Six-Month Sequela Requirement, filed Aug. 12, 2022, ECF No. 23. Petitioner's counsel expended approximately 28.4[3] hours drafting the brief. ECF No. 42-1 at 8-9. Although slightly higher than the total hours billed by other attorneys,[4] Petitioner's counsel provided a thorough brief which successfully supported Petitioner's position. I find this amount of time to be reasonable and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 42-1 at 12-22. And Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

---

[3] This total amount of billed hours does not include any time spent discussing the case with Petitioner and preparing her supplemental affidavit. *See* ECF No. 42-1 at 8-9. Due to Petitioner's counsel's practice of including multiple tasks within one billing entry, albeit with a breakdown of the exact time in the entry description, this calculation was more difficult than it should have been. Additionally, Petitioner's counsel failed to provide any information regarding the individuals billing time in this case, such as the individual's level of experience or status as either an attorney or paralegal. Petitioner's counsel is encouraged to list these individual tasks in separate entries and provided the needed information regarding the individuals working on a vaccine case in the future.

[4] Furthermore, this time was billed by a member of Petitioner's counsel's law firm, Leslie Cooper Harrell, using greater hourly rates to reflect his more than twenty years of experience: $430 for work performed in 2022 and $370 for work performed in 2023. ECF No. 42-1 at 8-9. Although consistent with what has been previously awarded, an attorney with Mr. Harrell's experience should require less time to complete such tasks.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $29,588.15 (representing $29,129.00 for fees and $459.15 for costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Nancy R. Meyers.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.